IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSE A. GREEN                                                                                    PLAINTIFF

v.                                          No. 4:22-cv-4010

SHERIFF BOBBY WALRAVEN, Little River
County, Arkansas; JAIL ADMINISTRATOR GINA
BUTLER, Little River County Detention Center;
CAPTAIN TRACY SMITH; JAILER TIM GARNER;
and JOHN DOE JAILERS                                                                        DEFENDANTS

**ORDER**

Plaintiff Jesse A. Green filed this civil-rights case pursuant to 42 U.S.C. § 1983 on February 9, 2022. (ECF No. 1). Plaintiff's *in forma pauperis* application was granted on the same date. (ECF No. 3). In that Order, the Court directed Plaintiff to submit an Amended Complaint by March 2, 2022. *Id*. Plaintiff submitted an amended complaint on February 22, 2022. However, after reviewing the amended complaint (ECF No. 6), the Court noted that Plaintiff had "not clearly stated how each named Defendant violated his federal constitutional rights, and some of his claims may be frivolous." (ECF No. 7). Plaintiff was given until March 16, 2022, to file a second amended complaint. *Id*. The Court's further stated, "[t]his case shall be subject to dismissal if Plaintiff fails to return the Second Amended Complaint to the Court by the deadline." *Id*. Plaintiff did not file a Second Amended Complaint by the deadline and has not sought an extension of time to do so.

On March 28, 2022, the Court entered a show-cause order, giving Plaintiff until April 18, 2022, to show cause why this action should not be dismissed for failure to obey an order of the Court. (ECF No. 8). The show-cause further states: "If Plaintiff fails to respond by the deadline,

this case shall be subject to dismissal." *Id*.   Plaintiff has not responded to the Show Cause Order and the time to do so has passed.

Although *pro se* pleadings must be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986).

Plaintiff did not file a second amended complaint as ordered and did not respond to the Court's show-cause order. Thus, Plaintiff has failed to obey two orders of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge